United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 19-15189-elf
Amy Acquaviva                                                             Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: SaraR            Page 1 of 1           Date Rcvd: Apr 16, 2020
                         Form ID: pdf900        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 18, 2020.
db          +Amy Acquaviva,    2322 N. Gilinger Road,    Lafayette Hill, PA 19444-2228
cr           ECMC,   PO Box 16408,    St. Paul, MN   55116-0408

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 16, 2020 at the address(es) listed below:
              BRAD J. SADEK    on behalf of Debtor Amy  Acquaviva brad@sadeklaw.com,    bradsadek@gmail.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amy Acquaviva <br>                     Debtor | CHAPTER 13 |
| Toyota Lease Trust <br>                     Movant <br> vs. <br> Amy Acquaviva <br>                     Debtor | NO. 19-15189 ELF |
| William C. Miller, Esquire <br>                     Trustee | 11 U.S.C. Section 362 |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,535.52**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 21, 2019 to March 21, 2020 at $685.69/month |
| Suspense Balance: | $207.24 |
| **Total Post-Petition Arrears** | **$2,535.52** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 21, 2020 and continuing through August 21, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$685.69** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-first (21st) day of each month, plus an installment payment of **$422.59 from April 21, 2020 to July 21, 2020 and $422.57 for August 21, 2020** towards the arrearages on or before the last day of each month at the address below;

TMCC<br>
P.O. BOX 5855<br>
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 2, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 4/10/20

Brad J. Sadek, Esquire
Attorney for Debtor

Date: April 14, 2020

/s/ LeRoy Wm Etheridge, Esq. for
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies

**ORDER**

Approved by the Court this 15th day of April, 2020. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

- 2 -